THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| FRANSISCO ORLANDO CHAVEZ FLORES,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:26-cv-00164-RJS<br><br>District Judge Robert J. Shelby |

Before the court is Petitioner Fransisco Orlando Chavez Flores's Petition for Writ of Habeas Corpus.[1] For the reasons set forth below, the court DENIES the Petition.

## BACKGROUND[2]

Chavez is a national and citizen of Mexico.[3] The State of Utah charged Chavez with one count of misdemeanor driving under the influence for an incident occurring on July 18, 2026.[4] On September 2, 2026, Chavez appeared in state court for an arraignment, where the court ordered him to "complete a book-and-release at the Weber County Jail within ten days."[5] On September 12, 2026, Chavez reported to Weber County Jail as directed.[6] Rather than releasing

---

[1] Dkt. 1, *Petition for Writ of Habeas Corpus* (*Petition*); *see* 28 U.S.C. § 2243 (authorizing the issuance of a writ of habeas corpus).

[2] The following facts are drawn from the *Petition*; Dkt. 11, *Response to Order to Show Cause* (*Response*); Dkt. 12, *Petitioner's Reply to Respondents' Response to Order to Show Cause* (*Reply*); Dkt. 14, *Sur-Reply*.

[3] *Petition* ¶ 18.

[4] *Id.* ¶ 38.

[5] *Id.* ¶ 39.

[6] *Id.* ¶ 40.

Chavez, the Jail instead took him into custody.[7] U.S. Immigration and Customs Enforcement (ICE) then placed an immigration detainer on Chavez.[8] On September 14, 2026, ICE assumed custody of Fernandez at Weber County Jail, with whom ICE maintains a contract to allow the agency to detain individuals using beds at the facility. [9]

On September 17, 2026, Chavez filed the instant Petition.[10] At the time of filing, the Weber County Jail website still identified Chavez as detained pursuant to the DUI charge.[11] On September 19, 2026, ICE transferred Chavez to a detention center in Calexico, California.[12] ICE later transferred Chavez back to Utah for "operational considerations."[13] On September 21, 2026, the Court issued an Order to Show Cause directing Respondents to explain why the Petition should not be granted and prohibiting them from removing Chavez or transferring him outside the boundaries of the Tenth Circuit while the Petition remained pending.[14] On September 25, 2026, Respondents filed their Response to the Order to Show Cause explaining that Chavez was transferred to ICE custody at Weber County Jail before the Petition was filed.[15] On September 28, 2026, Chavez filed his Reply challenging Respondents' contention he was no longer detained pursuant to the ICE detainer when the Petition was filed.[16] On October 2, 2026,

---

[7] *Id.* ¶ 41.

[8] *Id.* Weber County Jail did not provide Chavez with a copy of the immigration detainer, but Chavez contends that "the Jail's continued custody of Petitioner confirms that it has received and is acting upon an ICE hold." *Id.* ¶ 43.

[9] *Response* at 1–2; *Sur-Reply* at 1; Dkt. 14-2, *Alien Booking Record*.

[10] *Petition*.

[11] *Reply* at 3; Dkt. 1-1, *Inmate Details Page*.

[12] *Response* at 2.

[13] *Id.*

[14] Dkt. 3, *Order to Show Cause*.

[15] *Response* at 2.

[16] *Reply* at 2–3.

Respondents filed a Sur-Reply as directed.[17] The Petition is fully briefed and ripe for review.[18]

## LEGAL STANDARD

Habeas corpus "test[s] proceedings so fundamentally lawless that imprisonment pursuant to them is not merely erroneous but void."[19] The court may issue a writ of habeas corpus if a petitioner is "in custody in violation of the Constitution or laws . . . of the United States."[20] Chavez bears the burden of establishing his detention is unlawful.[21]

## ANALYSIS

Chavez challenges his detention pursuant to the ICE immigration detainer on statutory, regulatory, and constitutional grounds.[22] Chavez contends the immigration detainer violated the Immigration and Nationality Act (INA) because the Act does not authorize detainers following DUI charges.[23] Chavez further argues the Detainer violated federal regulation because it exceeded the 48-hour time limit under which a person may be held pursuant to a detainer.[24] The court concludes Chavez does not have standing to challenge the immigration detainer because he was no longer in custody under the detainer when he filed the Petition.

"[B]efore a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue."[25] To establish standing, a plaintiff must show (1) he has "suffered an 'injury in fact'—an invasion of a legally

---

[17] *Sur-Reply*.

[18] *See Motion*; *Response*; *Reply*; *Sur-Reply*.

[19] *Fay v. Noia*, 372 U.S. 391, 423 (1963).

[20] 28 U.S.C. § 2241(c)(3).

[21] *See Walker v. Johnston*, 312 U.S. 275, 286 (1941).

[22] *Petition* at 13–17; *see also* 8 U.S.C. § 1357(d) (authorizing detainers for controlled substance law violations); *id.* § 1226(c)(3) (authorizing detainers for other violations inapplicable here).

[23] *Id.* at 13–14.

[24] *Petition* at 14–15; *see also* 8 C.F.R. § 287.7(d).

[25] *Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990).

protected interest which is (a) concrete and particularize and (b) actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'"[26]

Here, the Petition fails to satisfy the third element of standing. When Chavez filed the Petition, he was no longer being held pursuant to the immigration detainer but was already transferred to ICE custody.[27] A court may not grant injunctive habeas relief when the petitioner is no longer in custody pursuant to the challenged detention grounds.[28] Should the court find the detainer violated the INA, the court would not be able to order Chavez be released because he is no longer held in state custody pursuant to the detainer. Therefore, Chavez's alleged injury is not redressable should he obtain a favorable ruling.

Chavez challenges whether ICE had in fact assumed custody prior to the Petition's filing.[29] Chavez points to the Weber County Jail public records to support his assertion that Respondents had not established he was already in their custody when the Petition was filed.[30] The court is unpersuaded that a material dispute exists. Respondents represent in their Response that they assumed custody of Chavez on September 14, 2026.[31] "The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus

---

[26] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (citation modified).

[27] *Response* at 1–2; *Sur-Reply* at 1; *Alien Booking Record.*.

[28] *See Thompson v. Terrell*, 209 F. App'x 852, 854–55 (10th Cir. 2006) (holding a habeas petition was moot because he was transferred from federal to state custody before the appeals court rendered a decision); *Cohen Ma v. Hunt*, 372 Fed. App'x 850, 852 (10th Cir. 2010) (holding a petitioner's claims for injunctive and declaratory relief were moot because he was transferred from ICE to state custody before the court could order an immigration bond hearing).

[29] *Reply* at 3–4.

[30] *Id.*; *see also Inmate Details Page*.

[31] *Response* at 1–2.

proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."[32] Chavez does not provide sufficient evidence to call into doubt the presumption of truth afforded to the Government. The Weber County Jail webpage— which provides the record Chavez relies on—expressly states, "The contents of this page should not be considered suitable for use on any legal documents," and that "[n]either Weber County, the Weber County Sheriff's Office, Weber County Information Systems, nor any other Weber County entity guarantees the accuracy of any information on this website."[33] Considering the plain disclaimer, the court concludes the Inmates Details Page record is insufficient to challenge the validity of Respondents' representation as to when ICE assumed custody of Chavez. Accordingly, the court concludes Chavez was not held pursuant to the immigration detainer when he filed the petition, and he therefore lacks standing to challenge his detention on the grounds provided.

## CONCLUSION

For the reasons discussed above, the court DENIES the Petition.[34] The Clerk of Court is directed to close the case.

[32] 28 U.S.C. § 2248.

[33] *Sur-Reply* at 2; *see also* Dkt. 14-1, *Terms of Use*.

[34] Dkt. 1.

SO ORDERED this 14th day of October, 2026.

BY THE COURT

JUDGE ROBERT J. SHELBY
United States District Court