THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| FRANSISCO ORLANDO CHAVEZ FLORES,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, et al.,<br><br>Respondents. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:26-cv-00164-RJS<br><br>District Judge Robert J. Shelby |

Before the court is Petitioner Fransisco Orlando Chavez Flores's Motion to Amend Judgment.[1] Chavez requests the court reconsider its Order[2] denying Chavez's Petition for Writ of Habeas Corpus.[3] For the reasons set forth below, the court DENIES the Motion.

## BACKGROUND and PROCEDURAL HISTORY[4]

Chavez is a national and citizen of Mexico.[5] The State of Utah charged Chavez with one count of misdemeanor driving under the influence for an incident occurring on July 18, 2026.[6] On September 2, 2026, Chavez appeared in state court for an arraignment, where the court ordered him to "complete a book-and-release at the Weber County Jail within ten days."[7] On

---

[1] Dkt. 17, *Petitioner's Motion to Alter or Amend Judgment Under Rule 59(e) and Memorandum in Support* (*Motion*).

[2] Dkt. 15, *Memorandum Decision and Order* (*Denial Order*).

[3] Dkt. 1, *Petition for Writ of Habeas Corpus* (*Petition*); *see* 28 U.S.C. § 2243 (authorizing the issuance of a writ of habeas corpus).

[4] The following facts are drawn from the *Petition*; Dkt. 11, *Response to Order to Show Cause* (*Response*); Dkt. 12, *Petitioner's Reply to Respondents' Response to Order to Show Cause* (*Reply*); Dkt. 14, *Sur-Reply*.

[5] *Petition* ¶ 18.

[6] *Id.* ¶ 38.

[7] *Id.* ¶ 39.

September 12, 2026, Chavez reported to Weber County Jail as directed.[8] Rather than releasing Chavez, the Jail instead took him into custody.[9] U.S. Immigration and Customs Enforcement (ICE) then placed an immigration detainer on Chavez.[10] On September 14, 2026, ICE assumed custody of Fernandez at Weber County Jail, with which ICE maintains a contract to allow the agency to detain individuals using beds at the facility. [11]

On September 17, 2026, Chavez filed the instant Petition.[12] At the time of filing, the Weber County Jail website still identified Chavez as detained pursuant to the DUI charge.[13] On September 19, 2026, ICE transferred Chavez to a detention center in Calexico, California.[14] ICE later transferred Chavez back to Utah for "operational considerations."[15] On September 21, 2026, the Court issued an Order to Show Cause directing Respondents to explain why the Petition should not be granted and prohibiting them from removing Chavez or transferring him outside the boundaries of the Tenth Circuit while the Petition remained pending.[16] On September 25, 2026, Respondents filed their Response to the Order to Show Cause explaining that Chavez was transferred to ICE custody at Weber County Jail before the Petition was filed.[17]

On October 14, 2026, the court denied the Petition.[18] The court concluded Chavez

---

[8] *Id.* ¶ 40.

[9] *Id.* ¶ 41.

[10] *Id.* Weber County Jail did not provide Chavez with a copy of the immigration detainer, but Chavez contends that "the Jail's continued custody of Petitioner confirms that it has received and is acting upon an ICE hold." *Id.* ¶ 43.

[11] *Response* at 1–2; *Sur-Reply* at 1; Dkt. 14-2, *Alien Booking Record*.

[12] *Petition*.

[13] *Reply* at 3; Dkt. 1-1, *Inmate Details Page*.

[14] *Response* at 2.

[15] *Id.*

[16] Dkt. 3, *Order to Show Cause*.

[17] *Response* at 2.

[18] *Denial Order*.

lacked standing because his injury was not redressable by a favorable decision.[19] The Petition challenged Chavez's detention on the grounds that the ICE detainer violated the Immigration and Nationality Act (INA), federal regulation, and the Fifth Amendment Due Process Clause.[20] Chavez requested the court declare the detention unlawful and order his immediate release.[21] However, Chavez was no longer detained in state custody pursuant to the detainer when he filed the Petition, but was rather detained in ICE custody under 8 U.S.C. § 1231.[22] Accordingly, the court concluded it was unable to redress Chavez's injury through the sought-after injunctive relief should it ultimately find in his favor.[23]

On October 14, 2026, Petitioner filed the instant Motion seeking the court reconsider the Denial Order.[24] Respondents did not file a brief in response.[25]

## LEGAL STANDARD

Federal Rule of Civil Procedure 59 permits a court to alter or amend a final judgment.[26] "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice."[27] The court may therefore consider a Rule 59 motion only when "the court

[19] *Id.* at 4–5; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992) (holding a plaintiff must establish standing by showing (1) he has "suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) "there must be a causal connection between the injury and the conduct complained of"; and (3) "it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" (citation modified)).

[20] *Petition* at 13–17.

[21] *Id.* at 17–18.

[22] *Response* at 1–2; *Sur-Reply* at 1; Dkt. 14-2, *Alien Booking Record*; *see also* 8 U.S.C. § 1231(a)(2).

[23] *Denial Order* at 4.

[24] *Motion*.

[25] *See generally Docket*.

[26] *See* Fed. R. Civ. P. 59(e).

[27] *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).

has misapprehended the facts, a party's position, or the controlling law."[28] "Revisiting the issues already addressed . . . and advancing new arguments or supporting facts which were otherwise available for presentation when the original summary judgment motion was briefed" are not acceptable grounds to reconsider a judgment.[29] The moving party bears the burden of persuasion in support of its motion.[30]

## ANALYSIS

Chavez seeks reconsideration of the Denial Order on grounds that the court misapprehended his claim and did not address his argument that the detention initiated from an unauthorized detainer constitutes a continued deprivation of liberty.[31] Chavez contends the Petition established standing because he was subject to ongoing confinement which originated by unlawful means.[32] As a result, he requests the court address the constitutionality of his continued detention.[33]

Chavez bears the burden of establishing his detention is unlawful.[34] He falls short of that burden. While Chavez's detention may have commenced with the challenged detainer and the Denial Order did not address the merits of the detainer's legality, Tenth Circuit precedent prohibits this court from granting injunctive habeas relief when the petitioner is no longer in custody pursuant to the challenged grounds. In *Cohen Ma v. Hunt*,[35] a noncitizen challenged his

---

[28] *Id.*

[29] *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (citation modified).

[30] *See Basic Rsch. L.L.C. v. Cytodyne Techs., Inc.*, No. 2:99CV343K, 2001 WL 740541, at *2 (D. Utah Apr. 6, 2001).

[31] *Motion* at 2–3.

[32] *Id.* at 3–4.

[33] *Id.*

[34] *See Walker v. Johnston*, 312 U.S. 275, 286 (1941).

[35] 372 F.App'x 850 (10th Cir. 2006) (unpublished).

immigration detention for ICE's failure to provide him a bond hearing.[36] The petitioner sought declaratory/injunctive relief and monetary damages.[37] After filing his petition, the petitioner was indicted on five counts of "refusing to apply for documents for deportation in violation of 8 U.S.C. § 1253(a)(1)(B)."[38] The Tenth Circuit concluded the appeal of the injunctive and declaratory relief claims was moot because "[t]he petitioner was not merely transferred from one facility to another, but rather he was released from ICE's custody and is now being held, not awaiting removal, but pending the resolution of criminal charges."[39] The court was therefore unable to redress his injuries by ordering an immigration bond hearing since he was no longer held for removal proceedings.[40]

The same reasoning applies here. The Petition challenges the initial immigration detainer under which the state held Chavez pending transfer to ICE.[41] However, at the time he filed the Petition, Chavez was no longer in state custody pursuant the detainer.[42] Rather, he had already been placed in ICE custody pursuant to 8 U.S.C. § 1231.[43] Accordingly, he is no longer entitled to injunctive relief from an immigration detainer under which he is no longer detained.

The two non-binding district court decisions Chavez cites in support of his continued-deprivation theory are not applicable here. First, in *Torres-Moreno v. Mullin*,[44] the District of Utah concluded because ICE lacked a valid reason to detain the noncitizen petitioner during

---

[36] *Id.* at 851.

[37] *Id.*

[38] *Id.* (citation modified).

[39] *Id.* at 852.

[40] *Id.*

[41] *See Petition* at 13–17.

[42] *Response* at 1–2; *Sur-Reply* at 1; Dkt. 14-2, *Alien Booking Record.*

[43] *Response* at 1–2; *Sur-Reply* at 1; Dkt. 14-2, *Alien Booking Record.*

[44] 4:26-cv-00092-DN-PK, 2026 WL 2569356 (D. Utah Aug. 31, 2026).

removal proceedings under 8 U.S.C. § 1226, the detention was unlawful from its inception.[45] The court subsequently ordered the petitioner's immediate release.[46] However, unlike here, the petitioner in *Torres-Moreno* was not previously subject to an immigration detainer, but was rather detained under § 1226 through the entirety of the action.[47] Second, in *Poma Chiriboga v. Mullin*,[48] the District of Utah ordered the immediate release of the noncitizen petitioner because (1) ICE arrested her pursuant to an unlawful detainer, and (2) ICE continued to detain her pursuant an inapplicable statute.[49] Unlike in *Poma Chiriboga*, though, Chavez is now detained under a statute the Petition does not challenge.[50] Though Chavez's Motion asserts he previously challenged § 1231 by objecting in his Reply to Respondents' invocation of the statute,[51] he does not provide any evidence contesting the application of § 1231 or contend an exception to the statute applies.[52] Nor does he dispute the existence or validity of the removal order.[53] Federal statute instructs, "The allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true

---

[45] *Id.* at *7.

[46] *Id.*

[47] *See id.*

[48] 2:26-cv-00760-JNP, 2026 WL 2797328 (D. Utah Sept. 18, 2026).

[49] *Id.* at *7. ICE asserted detention was mandatory under 8 U.S.C. § 1225(b), while the court concluded the petitioner's detention was clearly pursuant to § 1226. *Id.* at *6–7.

[50] *See generally Petition.* In *Poma Chiriboga*, the petitioner filed an amended complaint after ICE assumed custody of her. *See Poma Chiriboga*, 2026 WL 2797328, Dkt. 14, *Amended Complaint Declaratory Action and Injunctive Relief and Petition for Writ of Habeas Corpus*. Chavez could have filed an amended habeas petition challenging the current grounds of his detention, but he elected not to. *See Chavez v. Noem*, No. 2:26-CV-00161-RJS, 2026 WL 800684, at *2 (D. Utah Mar. 23, 2026) (the petitioner initially challenged the immigration detainer but filed an amended habeas petition after being transferred to ICE custody).

[51] *Motion* at 9; *see also Reply* at 6–7.

[52] *See generally Reply*; *Motion*. In his *Reply*, Chavez's counsel asserted he was unable to reach Chavez to discuss the prior removal order because ICE had yet to provide him access to his client. *Reply* at 7–8. Subsequently, the court ordered Respondents to provide counsel access to Chavez within 48 hours. Dkt. 13, *Order* at 3. Chavez's counsel did not subsequently file a sur-reply providing evidence from his client disputing their assertion that § 1231 applied.

[53] *See generally Reply*.

except to the extent that the judge finds from the evidence that they are not true."[54] Without any meaningful assertion that 8 U.S.C. § 1231 does not govern Chavez's detention or was improperly applied, the court will not reject Respondents' representation that he is detained subject to a prior removal order. Chavez therefore fails to meet his burden in carrying the Motion.

**CONCLUSION**

For the reasons discussed above, the court DENIES the Motion.[55]

SO ORDERED this 6th day of November, 2026.

BY THE COURT

JUDGE ROBERT J. SHELBY
United States District Court

[54] 28 U.S.C. § 2248.

[55] Dkt. 17.